**A/S DAN–BUNKERING LTD.,**
Plaintiff–Appellant,

v.

**M/V CENTRANS DEMETER, Imo No. 9445174, in rem, Defendant– Appellee.**

A/S Dan–Bunkering Ltd.,
Plaintiff–Appellee,

v.

M/V Centrans Demeter, Imo No. 9445174, in rem, Defendant, Aries Shipping Co., Ltd., Claimant–Appellant.

No. 15–11541
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 11, 2015.

George M. Chalos, Chalos & CO, PC, Oyster Bay, NY, Carleton Richard Wilkins, Donald M. Briskman, Maynard Cooper & Gale, PC, Charles J. Potts, Briskman & Binion, PC, Mobile, AL, for Plaintiff–Appellant.

Before HULL, MARTIN and ROSENBAUM, Circuit Judges.

**756**

PER CURIAM:

This action is before us on consolidated appeal by A/S Dan–Bunkering Ltd. ("Dan–Bunkering"), a Danish corporation, and Aries Shipping Co., Ltd. ("Aries"), a Hong Kong corporation. Aries owns the M/V Centrans Demeter, IMO number 9445174 ("the Vessel"), which is a sea vessel flagged under Hong Kong law. In June 2014, Dan–Bunkering brought suit *in rem* to enforce a maritime lien against the Vessel, which was arrested in Mobile, Alabama. As the Vessel's owner, Aries appeals the district court's October 2014 denial of its motion to vacate the arrest and dismiss Dan–Bunkering's suit, or in the alternative to reduce the security to be paid for the Vessel's release. Dan–Bunkering appeals the district court's March 2015 conditional dismissal of this action under the doctrine of *forum non conveniens* and its denial of Dan–Bunkering's motion for summary judgment.

After careful review, we affirm the district court's dismissal of this action under *forum non conveniens* and the denial of Dan–Bunkering's motion for summary judgment. We need not address Aries's alternative theory for dismissing the suit, which is that the Commercial Instruments and Maritime Lien Act ("CIMLA"), 46 U.S.C. §§ 31301–31343, does not grant a maritime lien in this case. And since the Letter of Undertaking (LOU) Aries paid for the Vessel's release was returned in July 2015 and the Vessel is no longer under arrest in Mobile, we hold that Aries's additional claims are moot.[1]

I.

Underlying this dispute is a 2011 bunker supply agreement ("Bunker Contract") Dan–Bunkering entered into with the Vessel's charterer, Zhenhua International Shipping Co., Ltd. ("Zhenhua"), a Chinese company. Aries chartered the Vessel to Zhenhua in November 2011 for a single voyage between Hong Kong and a port in Southeast Asia. Shortly after the charter agreement was executed, Zhenhua entered into the Bunker Contract with Dan–Bunkering, to which Aries was not party. Pursuant to the Bunker Contract's terms, Dan–Bunkering helped fuel the Vessel in the port of Hong Kong in November 2011. However, Dan–Bunkering alleges that Zhenhua breached the Bunker Contract because it never paid in full for Dan–Bunkering's services.

On June 26, 2014, Dan–Bunkering brought suit *in rem* to enforce a maritime lien against the Vessel to satisfy the unpaid balance of the Bunker Contract. Dan–Bunkering argued that its Terms and Conditions were incorporated into the Bunker Contract with Zhenhua, which allowed it to seek a maritime lien under U.S. law.[2] The district court authorized the U.S. Marshal to arrest the Vessel when it arrived in Mobile, Alabama on July 1,

---

1. Even though the Vessel has departed and the LOU has been returned, this Court still retains jurisdiction over this appeal. The Supreme Court has held that an appeal in an *in rem* civil forfeiture action is not mooted and "the Court of Appeals is not divested of jurisdiction, by the prevailing party's transfer of the res from the district." *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 88–89, 113 S.Ct. 554, 559–60, 121 L.Ed.2d 474 (1992). The departure of the res moots the case only if further proceedings would be "useless." *Id.* at 87, 113 S.Ct. at 559. The Supreme Court noted that a civil forfeiture

proceeding under 21 U.S.C. § 881 "conform[s] as near as may be to proceedings in admiralty," *id.* at 84, 113 S.Ct. at 557, and so this rule also applies to this *in rem* admiralty action.

2. In relevant part, the Bunker Contract stated: "Our General Terms and Conditions of March 2010, which are known to you, are to apply. Copy available on request and on our homepage www.dan-bunkering.com." The General Terms and Conditions available on Dan–Bunkering's website contain a choice-of-law clause. That clause reads:

2014.[3] Aries provided Dan–Bunkering with a LOU as substitute res in order to secure the release of the Vessel.

Aries then moved to vacate the arrest of the Vessel and dismiss the suit, or in the alternative to release or reduce the security. In response, Dan–Bunkering moved for summary judgment on its maritime lien claim. The district court denied Aries's motions, then granted a stay of the summary judgment motion so the parties could submit supplemental briefing on the choice-of-law issues underlying the case. The district court ultimately dismissed the action under the doctrine of *forum non conveniens* on the condition that Aries submit itself to the jurisdiction of Hong Kong, and denied Dan–Bunkering's motion for summary judgment. The district court granted a 60–day stay of its dismissal order, but this Court declined to extend the stay pending appeal.

## II.

Maritime liens often raise conflict-of-laws issues, and the district court correctly identified one here. While the United States recognizes a maritime lien for necessaries, the other nations connected to this dispute—Denmark, China, and Hong Kong—do not. For U.S. law to apply, the choice-of-law clause in Dan–Bunkering's Terms and Conditions must have been validly incorporated into the Bunker Contract with Zhenhua. To determine which country's laws controlled the formation of the Bunker Contract, the district court applied the "most significant relationship" test[4] and the Restatement (Second) of Conflict of Laws factors.[5] The district court noted that: (1) the contract was negotiated in Hong Kong and China; (2) the port of Hong Kong was the place of performance; (3) Aries is a Hong Kong company; and (4) the Vessel is flagged under the laws of Hong Kong. It therefore found that Hong Kong law controlled issues of contract formation. The district court also found that the United States did not have a significant interest in applying its laws to the dispute. Dan–Bunkering does not challenge the district court's conclusion that

---

The Bunker Contract shall be governed by the laws of Denmark. However, the choice of law is for the sole benefit of the Seller and the Seller may apply and benefit from any law granting a maritime lien and/or right to arrest the Vessel in any country as stipulated in Section 9 hereof.

The relevant portion of Section 9 reads:

The Seller is entitled to rely on any provisions of law of the flag state of the Vessel, the place of delivery or where the Vessel is found and shall, among other things, enjoy full benefit of local rules granting the Seller maritime lien in the Vessel and/or providing for the right to arrest the Vessel. Nothing in this Bunker Contract shall be construed to limit the rights or legal remedies that the Seller may enjoy against the Vessel or the Buyer in any jurisdiction.

3. Dan–Bunkering initiated the arrest of the ship and the *in rem* proceeding pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure. Rule C allows a party to bring an action *in rem* if there exists a maritime lien or where a federal statute specifically permits an action *in rem*. Fed.R.Civ.P. Supp. R. C(1)(a)-(b).

4. The "most significant relationship" factors include: (a) the place of contracting; (b) the place of negotiation; (c) the place of performance; (d) the locus of the subject matter of the contract; and (e) the domicile of the parties. *Dresdner Bank AG v. M/V Olympia Voyager*, 446 F.3d 1377, 1382 (11th Cir.2006) (per curiam).

5. The relevant Restatement factors include: (a) the needs of the international system; (b) the relevant policies of the forum; (c) the relevant policies of other interested states; (d) the protection of justified expectations; (e) the policy underlying the field of law in question; (f) the interest in predictability and uniformity; and (g) the ease in determining and applying the relevant law. Restatement (Second) of Conflict of Laws § 6 (1971).

Hong Kong law applies to the issues of contract formation raised by this case. It instead challenges the district court's dismissal of the suit under the doctrine of *forum non conveniens* after making that choice-of-law determination.

## III.

We review a dismissal based on *forum non conveniens* for abuse of discretion, giving the district court "substantial deference." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310 (11th Cir.2001) (quotation omitted). We review findings of fact for clear error. *Szumlicz v. Norwegian Am. Line, Inc.*, 698 F.2d 1192, 1196 (11th Cir.1983). A party moving to dismiss on the basis of *forum non conveniens* must demonstrate: "(1) that an adequate alternative forum is available; and (2) that the private and public interest factors weigh in favor of dismissal." *Republic of Pan. v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 951 (11th Cir.1997). The need to resolve and apply foreign law points us toward dismissal. *Sigalas v. Lido Mar., Inc.*, 776 F.2d 1512, 1519 (11th Cir.1985). And "[b]ecause the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

We review the denial of summary judgment *de novo*, applying the same standard used by the district court. *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 834–35 (11th Cir.1998). "Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Hill v. Cundiff*, 797 F.3d 948, 967 (11th Cir.2015) (quotation omitted).

### A.

To dismiss an action for *forum non conveniens*, the district court must first ensure that there is an available alternative forum for the suit. *Leon*, 251 F.3d at 1311. "The alternative forum prong of the analysis generally will be satisfied when the defendant is amenable to process in the other jurisdiction." *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir.2001) (per curiam) (quotation omitted). To avoid prejudice to the plaintiffs, the district court can attach conditions to a dismissal to which the defendants must submit. *Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir.2003). A conditional dismissal does not destroy the finality of the judgment. *Leon*, 251 F.3d at 1316.

The alternative forum must also be adequate. It is only in "rare circumstances" where "the remedy offered by the other forum is clearly unsatisfactory" that we will consider an alternative forum inadequate. *Aldana v. Del Monte Fresh Produce N.A.*, 578 F.3d 1283, 1290 (11th Cir. 2009) (quotations omitted). A remedy is inadequate when it amounts to "no remedy at all." *Piper Aircraft*, 454 U.S. at 254, 102 S.Ct. at 265.

Because it was unclear if Hong Kong retained jurisdiction over this suit, the district court conditioned dismissal on Aries's agreement to waive any statute of limitations or jurisdictional defenses. Aries has filed notice of its consent to these conditions. "[W]e approve[ ] of conditional dismissals, in which the district court dismisses the case only if the defendant waives jurisdiction and limitations defenses, and only if it turns out that another court ultimately exercises jurisdiction over the case." *Ford*, 319 F.3d at 1310. The district court did not err in ordering a conditional dismissal, and may reassert jurisdiction should Hong Kong refuse to entertain the suit.

■ Dan–Bunkering argues that this conditional dismissal does not render Hong Kong an "adequate forum" because Dan–Bunkering cannot pursue its *in rem* claim there. However, unavailability of a particular claim is not the same as "no remedy at all." *Piper Aircraft,* 454 U.S. at 254, 102 S.Ct. at 265. As the district court noted, there are a number of potential avenues to relief for Dan–Bunkering. A Hong Kong court may enforce Dan–Bunkering's choice-of-law clause, thus rendering a maritime lien available. Or it may find that Aries is bound to the contract under its principles of agency law. Since Aries has already submitted to Hong Kong jurisdiction, we conclude that Hong Kong is an available and adequate alternative forum.

#### B.

■ We also conclude that the public and private factors favor dismissal. The private factors include the availability of evidence; access to witnesses; ability to view the premises where the conduct occurred; "and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The public factors include: court congestion generated by controversies unrelated to the forum; the desirability of having localized controversies decided at home; and the difficulty of applying foreign law. *Id.* at 508–09, 67 S.Ct. at 843. In addition, "in deciding whether a case should be dismissed because a foreign jurisdiction is more suitable, federal courts necessarily must analyze the interest that the foreign country has in the dispute." *Esfeld v. Costa Crociere, S.P.A.,* 289 F.3d 1300, 1312 (11th Cir. 2002).

Here, the relevant documents, parties, and witnesses are in Hong Kong, China, and Denmark. And Dan–Bunkering provided the bunker servicing to the Vessel in the port of Hong Kong. The only significant connection the Vessel has with the United States is that it was arrested while in Alabama. That connection alone is insufficient to outweigh this suit's more extensive foreign connections. Hong Kong has an interest in ensuring that parties doing business in its ports receive equitable treatment. In contrast, the United States has little interest in this suit. None of the parties are U.S. citizens and none of the relevant events occurred in the United States.

If the district court were to retain this suit, it would have been required to apply Hong Kong contract law. *Forum non conveniens* dismissals "help courts avoid conducting complex exercises in comparative law." *Piper Aircraft,* 454 U.S. at 251, 102 S.Ct. at 263. Here, the district court would have been called on to decide a number of issues according to Hong Kong law, including whether: (1) a contract was formed between Dan–Bunkering and Zhenhua; (2) Dan–Bunkering's choice-of-law clause was enforceable and validly incorporated into the contract; and (3) the Bunker Contract was binding on the Vessel. Although the application of foreign law does not require dismissal, it may support it. *Sigalas,* 776 F.2d at 1519. Once the district court found that Hong Kong law governed the issue of contract formation, it did not abuse its discretion by conditionally dismissing this action based on *forum non conveniens.* We therefore affirm the district court's conditional dismissal of this action and its denial of Dan–Bunkering's motion for summary judgment.

#### IV.

Aries appeals the district court's denial of its motion to vacate the arrest and to dismiss Dan–Bunkering's suit, or in the

alternative to reduce the security to be paid for the Vessel's release. Since the LOU has been returned and we affirm the district court's dismissal on the grounds of *forum non conveniens*, we dismiss Aries's appeal as moot.

**AFFIRMED IN PART, DISMISSED AS MOOT IN PART.**